UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80397-CIV-MARRA/JOHNSON

JOEMAR SALES,

    Plaintiff,

vs.

ALL FLORIDA DIALYSIS SERVICES,
INC., a Florida corporation, and MAJELLA
WILBANKS,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court upon Defendants All Florida Dialysis Services, Inc. ("All Florida") and Majella Wilbanks' ("Wilbanks") (collectively, "Defendants") Motion for Dismissal and Motion for More Definite Statement (DE 9), filed June 11, 2007. Plaintiff responded on June 18, 2007 (DE 10), and Defendants filed a reply on July 3, 2007 (DE 11). The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

On May 7, 2007, Plaintiff Joemar Sales ("Plaintiff") filed a two-count Complaint alleging a violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA") for unpaid overtime against Defendants (count one) and a violation of FLSA, 29 U.S.C. § 206 for failure to pay promptly (count two). The Complaint states that Plaintiff, a registered nurse, was hired by Defendants in 2005 and performs dialysis treatments. (Compl. ¶ ¶ 14-15.) All Florida is a Florida corporation that provides dialysis treatments and Wilbanks is an "officer and/or manager director" of All Florida "who directly supervised the work of [ ] Plaintiff and was involved in the

day-to-day operations" of All Florida.  (Compl. ¶ ¶ 6, 10.)

The Complaint alleges that Defendants failed to compensate Plaintiff at the statutory rate of time and one-half for the hours Plaintiff worked in excess of forty hours a week. (Compl. ¶ 20.)  In addition, Plaintiff alleges that Defendants failed to pay her promptly for a number of her pay periods. (Compl. ¶ 37.)

Defendants claim that they cannot "fairly and accurately admit or deny the allegations contained in the complaint, because they cannot differentiate the claims and allegations being made against them." (Def. Mot.1- 2.)  In addition, Defendants posit that the Complaint "fails to adequately describe [ ] Plaintiff or Defendant's activities which constitute interstate commerce or the jurisdictional requirements to give the Court jurisdiction over this matter and not remove the instant action to state court or the acts which would constitute sexual discrimination to the degree of specificity as required by the United States Code and the applicable case law."  (Def. Mot. 2.)  In making these arguments, Defendants state they seek dismissal of the Complaint "pursuant to Rules 8(a), 10(b) and 12(e) of the Federal Rules of Civil Procedure."[1] (Def. Mot. 1)  Defendants' reference to "jurisdictional requirements" (Def. Mot. 2) suggest that they seek dismissal based on lack of subject matter jurisdiction under Rule 12(b)(1).  In any event, after careful review of the Complaint, the Court concludes that there is no ground for dismissal.

The gravamen of Defendants' argument concerns the "interweav[ing]" of the allegations concerning both Defendants in the same counts. (Def. Mot. 2.)  According to Defendants, this interweaving prevents them from admitting or denying the allegations related to each specific

---

[1] Defendants incorrectly state that Rule 12(e) permits dismissal of a complaint when a plaintiff can prove no set of facts that would entitle the plaintiff to relief.  (Def. Mot. 2).  This standard applies to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant. (Def. Mot. 2-3.)   Defendants therefore claim that the Complaint violates the provision of Rule 10 of the Federal Rules of Civil Procedure stating "each claim founded upon a separate transaction or occurrences and each defense other than denials shall be stated in a separate count" (Def. Mot. 3 quoting Fed. R. Civ. P. 10(b).)  As such, Defendants seek a more definite statement as provided by Rule 10(e) of the Federal Rules of Civil Procedure.

Despite Defendants' reliance on Rule 10(b) of the Federal Rules of Civil Procedure, nothing in that Rule prohibits lodging the same allegations against multiple Defendants, if applicable.   Instead, Rule 10(b) of the Federal Rules of Civil Procedure concerns the proper approach to pleading separate claims. Here, the Complaint alleges that both Defendants were the employers of Plaintiff. (Compl. ¶ 8.)  The Complaint also states that Wilbanks was the manager and direct supervisor of Plaintiff as well as the officer, manager and director of All Florida, and was therefore involved in the corporation's day-to-day operations. (Compl. ¶ 10.)  The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).   Based on the Complaint, All Florida and Wilbanks were Plaintiff's employers, and the Complaint attributes the alleged violations of the FLSA to both Defendants. Thus, there is no need to provide a more definite statement.

Nonetheless, Defendants argue that the differences between the two Defendants forces Defendants to admit liability not pertaining to a particular Defendant. (Def. Reply 3.)  The Court disagrees.  There is no reason that each Defendant cannot separately deny or admit in an answer each allegation as it to applies to that Defendant.  Indeed, if different responses to specific allegations in the Complaint are warranted, Defendants should simply provide different

responses.²

Defendants also attack the FLSA claims by contending that interstate commerce has not been adequately pled and that jurisdiction is therefore lacking. In support, Defendants argue that there is no "enterprise coverage," and claim they conduct "intrastate business" exclusively and do not produce a product affecting interstate commerce. (Def. Reply 3-4.) Moreover, Defendants state that because they do not "produce anything or transport anything which [a]ffects interstate commerce," no individual is involved in the handling or production of goods for interstate commerce, and thus there is no "individual coverage." (Def. Reply 4.)

To begin, subject matter jurisdiction is not lacking here. By virtue of the fact that the Complaint is brought pursuant to the FLSA and EPA, federal question jurisdiction exists. 28 U.S.C. § 1331. Instead, Defendants' argument can be characterized as a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing such an argument, the scope of review must be limited to the four corners of the complaint. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). While there may be a dispute as to whether the alleged facts are the true facts, the Court is required to accept the allegations in the complaint as true. Wilson v. Strong, 156 F.3d 1131, 1132 (11th Cir. 1998).

Thus, for the purposes of this motion, the Court must assume all the allegations in the

---

² Despite Defendants' argument to the contrary, the Court finds no similarity to the problem of the defendant referenced and discussed in the recent United States Supreme Court opinion, Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 n.10 (2007). (Def. Mot. 3.) There, the Supreme Court concerned itself with the problem of a defendant responding to a complaint that "mentioned no specific time, place or person involved in the alleged conspiracies." Id. Defendants do not raise these types of pleading deficiencies.

Complaint are true and may not consider any facts not alleged in the Complaint. In other words, the Court must take Plaintiff's allegations that Defendants engaged in interstate commerce and that Plaintiff, as an individual, engaged in interstate commerce as true, despite Defendants' protests to the contrary. (Compl. ¶ 2.)

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants's Motion for Dismissal and Motion for More Definite Statement (DE 9) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of October, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies to

All counsel of record